UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YADER RUBI MORALES,<br><br>Defendant. | Case No. 17-cr-00244-WHO-16<br><br>**ORDER DENYING MOTION FOR IMMIGRATION DETAINER REMOVAL**<br><br>Re: Dkt. Nos. 931, 932, 933 |

The court has received a letter from defendant Yader Rubi Morales, dated March 3, 2020, with enclosed "Motion for Immigration Detainer Appeal", and "Motion for Immigration Appeal". Dkt. No. 931. In his "Motion for Immigration Detainer Appeal", addressed to this court, Morales requests that I consider the removal of the immigration detainer lodged against him. Dkt. No. 932. In his "Motion for Immigration Appeal", addressed to the Board of Immigration Appeals ("BIA"), Morales requests the BIA consider not removing him. Dkt. No. 933. Morales states that he is currently in the custody of a federal correctional institution and expects a release date of February 1, 2022. *Id.*

To the extent his motion can be construed as a request for review of an immigration detainer lodged against him by the United States Immigration and Customs Enforcement ("ICE"), "[t]here is no support for the proposition that the Court has jurisdiction to review [] ICE's alleged future conduct." *Gonzalez v. Martel*, No. CIV-11-2121 GGH P, 2011 WL 4905728, at *2 (E.D. Cal. Oct. 14, 2011) ("It is ICE, and not this Court, which must determine whether the Petitioner in this case is deportable or removable. It is also ICE who determines whether the Petitioner is entitled to a stay from removal under [section] 212(c). The ICE detainer or hold does not mean that Petitioner is in ICE custody for the purposes of obtaining habeas corpus relief.").

1      To the extent his motion can be construed as a request for review of a removal order, "the federal district court no longer has habeas jurisdiction over collateral challenges to removal proceedings." *Gonzalez*, 2011 WL 4905728, at *2; *see Rafaelano v. Wilson*, 471 F.3d 1091. 1095 (9th Cir. 2006) (The REAL ID Act of 2005 has eliminated the district court's habeas jurisdiction, characterizing the Act as "granting courts of appeals exclusive jurisdiction to review challenges to deportation orders") (citing 8 U.S.C. § 1252(a)(5)).

    For these reasons, Morales' motion is DENIED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 15, 2020



William H. Orrick
United States District Judge